Dear Mr. Thompson:
Your inquiries of recent date prompt our review of the jurisdiction, responsibilities and liability of the Tensas Basin Levee District Police. The questions presented will be addressed in the order they were requested. Specifically you ask the following:
 1. Are Levee District Police, as peace officers commissioned by the Department of Public Safety and Corrections, considered regular peace officers with full police powers in their jurisdiction? Do they possess police powers equivalent to State Police troopers within their jurisdiction?
In response to your first question, note that LSA-R.S.38:326(A) provides in part, that a levee board police officer is:
 "responsible for maintaining order and exercising general police power on and off the levees, within the area of the levee district or levee and drainage district, and upon its surrounding waters"; and further that "these police officers shall have the right to exercise the power of arrest as peace officers, according to law, within the area of their jurisdiction as provided herein." See LSA-R.S. 38:326(A).
A levee district police officer is statutorily granted "general police power" within the limited jurisdiction of the levee district that appoints him. This suggests that the power of a levee board police officer has the same authority as any other police officer, except that his authority is limited to the physical boundaries of the levee district. In addition, a levee district police officer's duties are limited more than an ordinary police officer by LSA-R.S. 38:326(B) providing:
 "Any person arrested by a levee district or levee and drainage district police officer in the exercise of his powers shall be immediately transferred by such officer to the custody of the sheriff or city police within whose jurisdiction the arrest occurs."
In response to your request concerning state police troopers, LSA-R.S. 40:1379 gives levee district police officers the same powers with respect to criminal matters as, "sheriffs, constables, and police officers have in their respective jurisdictions." A levee board police officer would therefore have the same powers as a state police trooper within the jurisdiction of the levee district.
 2. Do Levee District Police have the authority and obligation to enforce all state laws in their jurisdiction? Does that authority apply to criminal acts that occur on or within a Levee Board or Levee District Office? On surrounding waters?
The authority of levee district police officers to enforce all state laws is addressed in our response to the first question. Further, Attorney General Opinion 93-771 addresses the question of whether an obligation to enforce exists on behalf of the police officer. The cited opinion concludes that a levee district police officer, as a commissioned peace officer, must faithfully perform his duties, and any failure to do so would subject him to charges of malfeasance in office.
In order for a levee board police officer to enforce state laws at a levee district office, the office must be located within the boundaries of the levee district. The boundaries referred to are those described in LSA-R.S. 38:291(Q) pertaining to the Tensas Basin Levee District. (Due to the length of this statute a, copy is included.) If the levee district office is located outside of these boundaries, the levee district police officer has no jurisdiction over the area. Finally, the levee district police officer may enforce state laws on the surrounding waters of his levee district as LSA-R.S. 38:326(A) provides that the jurisdiction extends, "upon its surrounding waters."
 3. Do Levee District Police have primary responsibility for investigating all crimes, suspicious incidents and motor vehicle accidents that occur on Levee District controlled rights-of-way, levees, land and properties within their districts? Does that responsibility extend into a municipal boundary if the Levee District's property or controlled rights-of-way extend into the municipality?
There is nothing in the language of LSA-R.S. 38:326 that would suggest that the power of a levee district police officer extends to primary jurisdiction over other law enforcement officers in his jurisdiction. The language of LSA-R.S. 38:326(B) suggests concurrent jurisdiction exists as the statute requires a levee district police officer to turn over an arrestee to the sheriff or city police within whose jurisdiction the arrest occurs.
As previously mentioned, the responsibility and powers of a levee district police officer are limited to the area of the levee district that employs him. The only exception that exists provides for an extension of the jurisdiction to the surrounding waters of the levee district. If the rights-of-way and municipalities in question are not within these defined boundaries, the levee board police officers have no jurisdiction over them.
 4. Can Levee District Police, as peace officers, be held criminally liable for not exercising general police power throughout their entire jurisdiction?
As mentioned previously in response to your second question, with status as a commissioned peace officer comes the requirement of adequate job performance. Failure to perform duties may subject an officer to criminal liability, specifically, malfeasance in office.
 4. Can a Levee Board of Commissioners or any person restrict or prohibit the statutory authority of the Levee District Police?
 5. Can a Levee Board Commissioner prohibit a Levee District Police officer from exercising his authority within a particular parish that is within the Levee District's jurisdiction in order to prohibit enforcement of Title 38 Laws or any laws?
 6. Since a Levee District's Board of Commissioners possess no police authority of themselves, can a Levee Board of Commissioners dictate whom Levee District Police can or cannot arrest?
 7. Do Levee District Police receive their police authority from the Levee Board of Commissioners or from the Department of Public Safety and Corrections?
Questions 4 through 7 will all be answered together because they all refer to attempts to limit the authority of a levee district police officer. LSA-R.S. 38:326 provides that a levee district police officer:
 "shall be commissioned as a peace officer by the Department of Public Safety and Corrections. Such commission shall remain in force and effect at the pleasure of the president of the levee district or levee and drainage district and the Department of Public Safety and Corrections subject to applicable civil service regulations."
The language of this statute says that a levee district police officer is commissioned by the Department of Public Safety and Corrections. Such officer's authority is derived from the Department of Public Safety and Corrections. The statute also provides that the officer's commission remains in effect at the "pleasure of both the president of the levee district and the Department of Public Safety and Corrections." The levee board president cannot terminate him without the concurrence of the Department.
An officer, including a levee district police officer, may be placed under the jurisdiction of a municipality if a situation as described in LSA-R.S. 40:1387 arises. This statute provides:
 "When a situation develops in a municipality which, in the judgment of the chief law enforcement official of such municipality, constitutes an emergency, then the said chief law enforcement officer of the municipality shall have the sole authority, command and control of all peace officers or police officers within the municipality during the said emergency; provided that the governor may supersede the chief law enforcement officer at any time during such emergency as he deems appropriate."
The statute provides that in certain situations a municipality could assert control over a levee district police officer, but only when certain emergencies arise. This would not give a levee board commissioner the power or authority to limit the way the levee board police officer performs his duties within particular parishes or municipalities, as long as the officer is performing the duties as provided by law. Levee board commissioners are also prohibited from limiting the officer's jurisdiction in particular parishes within the levee district, limiting which statutes are to be enforced, or attempting to tell the officer who he may and may not arrest. If a levee commissioner attempts to prohibit a levee district police officer from lawfully performing his statutorily granted duties, such circumstances might subject the levee commissioner to a change of malfeasance in office.
 8. Is it the responsibility of the Levee District Police to prohibit trespass on levees and controlled rights-of-way that are under the Levee District's control? Can a Levee District, by utilizing "Hold Harmless" agreements, allow the general public to access the levees and rights-of-way for recreational purposes such as biking or jogging purposes or special events such as firework displays, if the land is privately owned?
To address the first portion of this question, the crime of trespassing on the levee is presumably a criminal offense and a levee district police officer would therefore have the authority and duty to arrest a trespasser for violation of the law.
A levee district is not prohibited from entering into a "hold harmless" agreement. Atty. Gen. Op. 77-1401. Such an agreement has the affect of releasing the signing party, who would otherwise by subject to tort liability, from such liability.
A "hold harmless" agreement signed by the landowner does not give the levee district the authority to allow the public to use the levee district as it sees fit. "The public at large has no right of entry upon privately owned levee and batture lands without the consent of the land owners." Atty. Gen. Op. 86-778. The "hold harmless" agreement with the landowner does not negate the requirement to get the landowner's permission to use the land for such recreational purposes.
 9. If a Levee District is the primary caretaker and guardian of these projects, do Levee Districts have a legal responsibility to provide protection to their district projects? If not, how would Levee Districts be able to enforce laws designed to protect their interests?
The projects you mentioned, as stated prior to the question, seem to specifically require the levee district to provide protection. LSA-R.S. 38:325 provides that, "Levee Boards shall engage in any activities related directly to flood protection, construction and maintenance of levees." This statute declares what the general powers of the levee district are, but no mention is made of special agreements as you have stated. If the levee district has entered into a specific contract whereby it agrees to protect the district from criminal activity, it should be required to do exactly that, as a failure would constitute a breach of the specific contract.
 10. If a Levee District employee, who is not a commissioned Levee District Police officer, possesses a commission from a Sheriff or any other entity and uses that commission's authority to enforce laws while acting as a Levee Board employee, would that release the Levee Board from any liability that resulted from the employee acting as an enforcement officer for the Levee Board? Could that employee be required to qualify as a peace officer under P.O.S.T. requirements? Could that employee even though not a Levee District Police Officer, utilize a Levee Board's public vehicle and designate it as an emergency vehicle with a red or blue light and use it to stop violators for the Levee Board, even though his authority is from another entity?
If the employee in question is arresting people under the authority of the levee district without being commissioned by the district, he is doing something he has no authority to do. As previously mentioned, a levee district police officer must be appointed by the president of the levee board. The employee in question could not enforce laws on behalf of the levee board without such an appointment.
This fact alone, however, would not release the levee board in question from liability as long as they let the situation continue. If the officer is using his public levee vehicle, he may still be under the guard of the levee board. The proper way to handle this situation would be to prevent the officer from using his levee board vehicle when he is acting as a sheriff's deputy.
The question concerning the use of the vehicle as an emergency vehicle would best be handled by the levee board itself. There appears to be nothing in the statute that prohibits the use of levee board vehicle if authorized to do so by the Levee District. However, if the officer is allowed to use the vehicle provided to him by the levee board, the levee board may be found liable for any accidents that occur in it.
Should you have any further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: January 16, 1996
Date Released: February 28, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL